BARFIELD, Chief Judge.
The claimant’s attorney challenges an order of the judge of compensation claims (JCC) imposing sanctions upon him for failing to appear at a private mediation conference. Because he had received a waiver of the mandatory mediation conference under Florida Rule of Workers’ Compensation 4.310, and no subsequent order had been entered referring the parties to mediation under Rule 4.340, we find that under the particular facts of this case, the JCC did not have the authority to impose sanctions under Rule 4.360(b), or under Rule 4.150, or under section 440.33, Florida Statutes (1995). We note, however, that when the initial mediation conference has not been waived, or when a JCC has entered an order referring any claim or petition or any selected issues to mediation, either sua sponte or on motion of an interested party or on the parties’ stipulation, the JCC is authorized under Rule 4.360(b) to impose sanctions for the failure of a party to appear at the duly noticed mediation conference without good cause.
We strongly disapprove of the actions of the claimant’s attorney, who obtained a waiver of the mandatory mediation conference by informally agreeing with the employer/carrier’s attorney to private mediation, then insisted that the carrier’s adjuster drive to Miami from Jacksonville to attend the agreed-upon private mediation conference in person instead of by telephone, and then informed the employer/carrier’s attorney at the eleventh hour that because of his busy schedule he would not attend the mediation conference, after the employer/carrier had scheduled the conference, incurred the travel expenses of the adjuster, and became liable for the mediator’s “disruption fee” for cancel-ling the conference within hours of the scheduled time.
The part of the order awarding a sanction of $214.84 against Mark J. Feldman is REVERSED. Both motions for appellate attorney fees are DENIED. Mark J. Feldman is ORDERED not to charge the claimant, Jose Angel Alvarado, an attorney fee or any costs for this appeal.
ERVIN and KAHN, JJ., concur.